UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEN CALDWELL | § | CIVIL ACTION NO. _____ |
| | § | (JURY TRIAL DEMANDED) |
| VS. | § | |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| M.D. ANDERSON CANCER CENTER | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, BEN CALDWELL, Plaintiff, and complains of THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER, Defendant, and for such original complaint and cause of action would respectfully show the Court the following:

1.      This is an action brought by the Plaintiff to enjoin the Defendant's discriminatory practices as prohibited by Title VII of the Civil Rights Act of 1991 (Title VII), 42 U.S.C. §§2000e, *et seq.*, and for actual, compensatory, and exemplary damages.

2.      This Court has jurisdiction of this cause of action, for which redress is provided by 28 U.S.C. §1343, 28 U.S.C. §1331, and 42 U.S.C. §§2000e-5(f)(3).

3.      This action properly lies in the Southern District of Texas pursuant to 42 U.S.C. §2000e-5(f)(3) because all discriminatory employment practices alleged herein were committed within the Southern District of Texas.

4.      The Plaintiff is a Black male citizen of the United States and a resident of the State of Texas and the Southern District of Texas.

5.      The Defendant, The University of Texas M.D. Anderson Cancer Center is a state hospital in Houston, Harris County, Texas and may be served by serving its president, John Mendelsohn, M.D. at 1515 Holcombe Blvd., Houston, Texas 77030.

6.      Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant, The University of Texas M.D. Anderson Cancer Center, its officers, agents, servants, employees or representatives, committed such an act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant, or was done in the routine normal course and scope of employment of Defendant, The University of Texas M.D. Anderson Cancer Center, its officers, agents, servants, employees, or representatives.

## PRELIMINARY FACTS

7.      Plaintiff worked for Defendant for approximately five years as a Driver, Data Entry for Records Management.

8.      In May 2005, Lauri Azari and Berna McElyea became Plaintiff's new supervisors.

9.      Prior to being supervised by Ms. Azari and Ms. McElyea, Plaintiff's performance evaluations were "substantially exceeded" for two evaluations and "met" for another evaluation.

10.      While under Ms. Azari and Ms. McElyea's supervision, Plaintiff's performance evaluation was "improvement needed."

11.      As a result, Plaintiff was prevented from transferring to another department and from obtaining a merit raise.

## EXHAUSTION OF
## ADMINISTRATIVE PROCEDURES

12.     Plaintiff timely filed with the U.S. Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant.  Plaintiff files this complaint within 90 days of receiving a notice of the right to sue from the EEOC.

## DISCRIMINATION UNDER TITLE VII

13.     The Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1-11 of this Original Complaint, inclusive and in their entirety.

14.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statutes, namely, employees who are African American.

15.     Defendant is an employer within the meaning of Title VII.

16.     Defendant discriminated against Plaintiff because of his race.

17.     Defendant, by and through its managerial employees, servants, and/or agents, subjected Plaintiff to different terms, conditions, and privileges of employment because of his race.

18.     Defendant, by and through its managerial employees, servants, and/or agents, acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Plaintiff.

19.     The acts of Defendant, by and through its managerial employees, servants, and/or agents, constitute discrimination based on race for which redress is provided by 42 U.S.C. §2000e, *et. seq.*

20.     Defendant, by and through its managerial employees, servants, and/or agents, failed to follow its policy against discrimination during the incidents made the basis of this suit.

## **RETALIATION**

21.     The Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1-11 of this Original Complaint, inclusive and in their entirety.

22.     After Plaintiff complained to Defendant's management about the discrimination and the unfair treatment regarding his low performance evaluation, Defendant engaged in activities in retaliation for his complaints.

23.     Defendant, by and through Ms. Azari and Ms. McElyea, subjected Plaintiff to undue scrutiny with respect to his job duties.

24.     After Plaintiff filed a charge of discrimination, Plaintiff was denied training on a new computer system that Plaintiff needed to know about in order to perform his job duties for Defendant as a driver.

25.     Defendant, by and through, Ms. McElyea, formally reprimanded Plaintiff for four separate incidents, which occurred in less than one month.

26.     Ms. McElyea's actions were ratified by Defendant, by and through, Mr. Langabeer and Paul Henry.

27.     Defendant, by and through Ms. Azari and Ms. McElyea, subjected Plaintiff to different terms, conditions, and privileges of employment because of his complaints.

28.     Defendant, by and through Ms. Azari and Ms. McElyea, subjected Plaintiff to a hostile work environment.

29.     The acts of Defendant, by and through its managerial agents, servants, and/or employees, constitute retaliation for which redress is provided by 42 U.S.C. §2000e, *et seq.*

30.     Defendant, by and through its managerial agents, employees, and/or servants, acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Plaintiff.

31.     Defendant, by and through its managerial agents, employees, and/or servants, failed to follow its policy against discrimination during the incidents made the basis of this suit.

## ATTORNEY' FEES

32.     Plaintiff was forced to engage counsel to protect his rights. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under 42 U.S.C. §1988(b) and 42 U.S.C. §§2000e-5(k).

## JURY DEMAND

33.     Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

WHEREFORE, PREMISED CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer, and that on final trial Plaintiff:

1.     Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of race and retaliation;

2.     Award Plaintiff actual, compensatory, and exemplary damages in an amount to be determined at trial;

3.     Award attorney's fees, including litigation expenses, and the costs of this action, as permitted by statute;

4.     Award prejudgment interest and postjudgment interest as provided by statute; and

5.      For such other and further relief, both general and special, at law or in equity, that this Court deems just under the circumstances.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.

By:     /s/ Shalanda D. Moore
        Shalanda D. Moore, J.D.
        SBOT #24013190
        Federal Bar I.D. #24582
        4151 Southwest Freeway, Suite 490
        Houston, Texas 77027
        Telephone:     (713) 659-7330
        Facsimile:     (713) 599-1659

        ATTORNEY FOR PLAINTIFF,
        BEN CALDWELL